ORESTO PESCOSOLIDO *vs.* LUIGI CRUGNALE.

JUNE 8, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of trespass on the case for negligence. It was tried to a jury in the superior court and they returned a verdict for the defendant. Thereafter the plaintiff filed a motion for a new trial which was denied. The case is here on his exceptions to such denial and to certain evidentiary rulings.

The plaintiff's cause of action arose out of a motor vehicle accident on the premises of Tom's Service Station in Providence as a result of which plaintiff was knocked down and injured. The accident was due to the careless operation of defendant's truck by his brother Edward Crugnale. The plaintiff claimed that Edward was acting as the agent of his brother Luigi at the time of the accident and brought actions against both.

The cases were tried together and the jury returned a verdict against Edward for $2,498. Since he has not prosecuted any exception, the questions of his negligent operation of the truck and plaintiff's freedom from negligence are res judicata. The only question that remains open in Luigi's case is whether the evidence on the issue of agency warranted the jury in finding that he was not liable for Edward's negligence.

The evidence is undisputed that at the time of the accident Edward was using the truck with Luigi's consent.

However, since the accident did not happen on a public highway plaintiff could not rely upon G. L. 1956, §31-31-3, which provides that where the motor vehicle is being operated with the owner's consent the operator shall be deemed to be the agent of the owner. He therefore had the burden of proving that fact. At the outset of the trial he sought to do so by calling Edward and defendant as his witnesses. At first he was not allowed to examine either witness along this line, but later he was permitted to recall each of them and ask the very questions that the trial justice had previously excluded. Neither witness appeared hostile and each testified that Edward had permission to use the truck for his own purposes, but was instructed by Luigi to have it oiled and greased first and then deliver an order of bread to Mainelli's Restaurant, one of Luigi's customers. The defendant did not testify in his own behalf but rested his case on plaintiff's evidence.

In these respects the case is peculiar. Apparently the jury did not believe either defendant or his brother. The plaintiff attributes this attitude to the fact that the testimony in question was not adduced when they testified on the first day of the trial but was given only after they had been recalled on the second day. For this reason plaintiff contends under his exceptions to the evidentiary rulings that he was prejudiced by such rulings notwithstanding the fact that the excluded testimony was later admitted by the trial justice. He argues that such contention is confirmed by the trial justice's comment on the testimony of these witnesses in his decision denying the motion for a new trial.

In the circumstances here we think there is merit in the exceptions to the evidentiary rulings. Ordinarily an erroneous ruling excluding admissible evidence is cured by the trial justice's later admission of such evidence. It is within his province during the trial to correct his own error excluding evidence and to regulate the order of proof. However, it is his duty "to admit proper evidence in a manner

that will not prejudice either party in the minds of the jury." *Drewett* v. *United Electric Rys.*, 57 R. I. 169, 175. If injustice results from the manner in which he exercises this power it will be ground for a new trial. See *Dodge* v. *Goodell,* 16 R. I. 48.

The rulings were clearly erroneous. The excluded questions to Edward were: "Now, when you saw your brother that morning and asked him for the truck did your brother say anything to you?" "What instructions did your brother give you?" Edward was competent to testify as to what conditions if any were attached to his use of the truck which might make him his brother's agent. *Duckworth* v. *Hague,* 51 R. I. 208. A witness may be allowed to testify concerning his transaction with an alleged principal but the fact of agency is to be determined therefrom by the jury. *Martin* v. *St. Aloysius Church,* 38 R. I. 339.

The excluded question to defendant was: "What instructions did you give your brother about that truck?" Just previously he had been asked: "Did you give him any instructions with reference to the use of that truck?" and he had answered "Yes." The question was obviously relevant and material and should have been allowed. It would seem that the trial justice recognized his error in both of these instances when on the second day of the trial he allowed each witness to be recalled and, over the objections of defendant's counsel, asked the same questions. But the testimony coming in as it did at that time and in such manner apparently impaired the credibility of the witnesses in the minds of the jury. At least we cannot be certain that it did not do so, especially in view of the fact that the testimony was uncontradicted and came in part from defendant himself. See *Marley* v. *Providence Journal Co.,* 86 R. I. 229. The original errors were therefore not cured and resulted in prejudice to plaintiff. His exceptions to the evidentiary rulings are sustained.

Since there must be a new trial as a result of the sustaining of those exceptions, ordinarily we would refrain from considering the exception to the trial justice's denial of the motion therefor. However, in this instance the adverse comments in his decision on the testimony of Edward and defendant lead us to depart from our usual practice. These comments, in our opinion, demonstrate the prejudice resulting to plaintiff not only in the minds of the jury but also in the mind of the trial justice from his erroneous exclusion of the evidence of agency at the time it was first offered.

We shall not quote all of such comments because we think the following will suffice to show that he felt the jury was justified in discrediting the witnesses because their testimony with reference to agency came only after they had been recalled. In his decision he states:

"* * * I remember distinctly that at the time the attorney for the plaintiff called both Mr. Edward and Luigi Crugnale, the defendants, on the stand and examined them directly, and during the first examination Edward Crugnale said that he went over there and took his brother's truck—went to the bakery for his brother's truck, and Luigi Crugnale said he came and borrowed the truck and 'I consented to it.' There was no question of agency during that procedure, no testimony about that at all. After the plaintiff had testified and there had been some argument and discussion, later both of those men were called back by counsel for the plaintiff at which time Mr. Edward Crugnale testified that there was no payment, 'I was doing him a favor, and strictly a favor.' And Luigi Crugnale himself seemed to be rather evasive in his testimony.
* * *

"I feel personally that they testified first according to the way things were done, and then later were called upon to elaborate to some extent and even then they weren't so certain of it, or so positive of it, so much so that credibility of the latter part of the testimony could be questioned and questioned fairly."

In our opinion on a fair consideration of all the evidence without reference to the particular time during the trial when any of it was introduced, the trial justice's decision approving the verdict and denying the motion for a new trial was clearly wrong. He overlooked or misconceived the effect of his own error in excluding the evidence of agency when it was first offered. Absent such oversight or misconception it is obvious that no reason exists in the record for questioning the credibility of the witnesses, and whatever the peculiarities of the case may suggest he as well as the jury was bound by the evidence of record. On our view of the record justice requires that the plaintiff should be granted a new trial.

The plaintiff's exceptions are sustained, and the case is remitted to the superior court for a new trial.

*John DiLibero,* for plaintiff.

*Gunning & LaFazia, Raymond A. LaFazia, Edward L. Gnys, Jr., Bruce M. Selya,* for defendant.